# In the United States Court of Federal Claims
(Pro Se)

|  |  |
|---|---|
| GRACE COMMUNITY CHURCH OF THE VALLEY, ) ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES OF AMERICA, ) ) Defendant. ) | No. 21-1665C<br>(Filed: October 29, 2021) |

**ORDER**

    The complaint in this case was filed on August 3, 2021 by Gregory Joseph Podlucky, purporting to represent the Grace Community Church of the Valley ("Grace Community Church"). The complaint alleges a Fifth Amendment taking arising out of the government's failure to return to Grace Community Church certain property subject to criminal forfeiture in United States v. 11 Lloyd Avenue, No. 06-467 (W. D. Pa.). See Compl. at 1, 3, 6, ECF No. 1. Mr. Podlucky who is not an attorney, also filed a motion to proceed in forma pauperis ("IFP") on Grace Community Church's behalf. ECF No. 2.[1] That motion is **GRANTED** for the sole purpose of dismissing the case as set forth below.

    On August 12, 2021, the Court directed Plaintiff to either obtain counsel who is a member of the bar of this Court, or to file an explanation as to why the Rule 83.1(a)(3) of the Rules of the Court of Federal Claims ("RCFC"), which prohibits "[a]n individual who is not an attorney" from "represent[ing] a corporation, an entity, or any other person in any proceeding before this court," was not applicable in this case. Order ("Show Cause Order"), ECF No. 6.

    In his response to the Show Cause Order, Mr. Podlucky asserts that five prior attorneys "were unsuccessful for protecting the interest of Grace Community Church," and that the entity

---

[1] On June 20, 2011, Mr. Podlucky pled guilty to income tax evasion, mail fraud, and conspiracy to commit money laundering after a grand jury returned a five-count indictment against him and his family on charges related to fraud. See United States v. Podlucky, No. CR 11-37, 2019 WL 1359486, at *1 (W.D. Pa. Mar. 26, 2019). Mr. Podlucky has filed at least four other cases in this court in his own name concerning the criminal case and subsequent asset forfeiture. See Podlucky v. United States, No. 21-1377 (Fed. Cl. May 17, 2021); Podlucky v. United States, No. 21-1633 (Fed. Cl. July 29, 2021); Podlucky v. United States, No. 21-1634 (Fed. Cl. July 29, 2021); Podlucky v. United States, No. 21-1686 (Fed. Cl. Aug. 11, 2021).

has "exhausted all reasonable efforts [and] available financial resources through the unsuccessful services rendered by these five attorneys." Pl.'s Explanation as to Why Rule 83.1(a)(3) is Not Applicable at 1–2, ECF No. 9. Mr. Podlucky further claims that he possesses "demonstrated extraordinary legal ability for litigating the protection of [the Church's] interests that inures to the benefit of the general public." Id. at 4. Mr. Podlucky states that he demonstrated this "extraordinary legal ability" in settlement negotiations that supposedly persuaded the United States Bankruptcy Court for the Western District of Pennsylvania to approve his representation of Grace Community Church in bankruptcy proceedings. Id. at 25, 32 (pointing to Chief Bankruptcy Judge M. Bruce McCullough's Order Approving Settlement Agreement, which does not mention either Mr. Podlucky or Grace Community Church). Further, Mr. Podlucky claims, "the circumstances are extraordinary in this case." Id. at 39.

These arguments lack merit. There are no exceptions to RCFC 83.1(a)(3)'s requirements for "extraordinary circumstances." In particular, there is no exception provided for circumstances in which a proposed lay representative claims that he or she has "extraordinary legal ability," or where the entity has had difficulty finding counsel with which it is satisfied, or where the entity cannot afford competent counsel. See id. at 38–39; see also Finast Metal Prods., Inc. v. United States, 12 Cl. Ct. 759, 761 (1987) ("[A] corporate 'person' can no more be represented in court by a non-lawyer—even its own president and sole shareholder—than can any individual."); Richdel, Inc. v. Sunspool Corp., 699 F.2d 1366, 1366 (Fed. Cir. 1983) (holding that entity's "substantial financial hardship" could not overcome rule requiring corporations to be represented by counsel).

A violation of the rule prohibiting an individual who is not an attorney from representing a corporation or entity is grounds for dismissal for lack of prosecution pursuant to RCFC 41(b), which provides that the Court may dismiss an action where a plaintiff fails "to comply with these rules or a court order." See, e.g., Balbach v. United States, 119 Fed. Cl. 681, 683 (2015) (citing Talasila, Inc. v. United States, 240 F.3d 1064, 1066 (Fed. Cir. 2001)).

Accordingly, the Court directs the Clerk to **DISMISS** Plaintiff's complaint without prejudice for failure to comply with the Court's August 12 Show Cause Order that it either obtain counsel or show why RCFC 83.1(a)(3) does not apply here.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge
